Harris, J.,
delivered the opinion of the Court.
This action was brought by the defendant in error against the plaintiff in error in the Circuit Court of Grainger county. The declaration alleges that, on the 18th day of May, 1855, the defendant purchased from the plaintiff twelve hundred and seventy-six bushels of corn, to be delivered on the 26th day of the same month, at the price of seventy-six cents per bushel. And that the *558 defendant, although requested to do so, wholly failed and refused to comply with the terms of his contract of purchase. That afterwards he notified the defendant that he would re - sell the corn at public. auction, at the risk of the defendant, on a day mentioned, if he did not by that time comply with the terms of his contract; that he did so re-sell, and that the corn brought greatly less than the price defendant had contracted to give.
It was for this deficiency between the contract price and the price the corn brought at the second sale, this action was brought. The defendant pleaded “non assump-sit,” and also a rescission of the contract, upon which issues were taken. These issues were found in favor of the plaintiff, and the damages assessed at $708. There was a motion for a new trial, which was overruled, and the defendant has appealed in error to this Court.
Two grounds have been urged in argument why this judgment should be reversed. First, that the plaintiff, Godwin, had no right to re-sell the corn at the risk of the defendant, and that by such sale he abandoned the contract, and released the defendant therefrom. Secondly, that it appears in the proof that on the first day set for the re-sale, the corn was knocked off to one Winkle at 69J cents per bushel, and that Winkle failed to comply with the terms of the sale, and that it was again advertised and sold on another day, at which time the price had greatly fallen, and it only brought from 32 to 40 cents per bushel; and that, therefore, the measure of damages should only be the difference between the contract price and the price at which it was knocked off to Winkle, instead of the price at which it last sold.
Upon the first proposition, we think it is very clear, *559 upon authority, that tbe vendor can re-sell tbe property, wbicb is tbe subject of tbe contract, if be see fit to do so, and charge tbe vendee with tbe difference between tbe contract price, and that realized at tbe sale.
“Where tbe vendee is sued for non-performance of the contract on bis part, in not paying tbe contract price, if tbe goods have been delivered, tbe measure of damages is of course tbe price fixed by tbe contract; but if their possession has not- been changed, it has been doubted whether tbe rule of damages is tbe price itself, or only tbe difference between tbe contract price and tbe value of tbe article at tbe time fixed for its delivery.
“It seems to be well settled in such cases that tbe vendor can re-sell them if be see fit, and charge tbe vendee with tbe difference between tbe contract price and that realized at tbe sale.” Sedgwick on Damages, 282; referring to 1 Salk., 118; 6 Mod., 162; 5' Yin., 538; 5 Johnson, 595. See also Parsons on Contracts, 483-485, and note j.
Upon the second point relied on, we think, from tbe proof disclosed in tbe record, that, under tbe circumstances, tbe plaintiff below exercised proper discretion, and that an immediate re-sale, on tbe same day after it was discovered that Winkle could not at that time and place comply with tbe terms of tbe sale, would have been indiscreet and imprudent, as tbe proof shows that most of tbe bidders bad before that time left. We think there is no error in this record, and affirm tbe judgment.